RECEIVED
IN LAKE CHARLES, LA

JUL 14 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| NATHANIEL KEITH SINGLETON | CIVIL ACTION NO. 08-1152<br>SECTION P |
| VS. | JUDGE TRIMBLE |
| CPL. A. CRAWFORD, ET AL. | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, Nathaniel Keith Singleton, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on August 5, 2008. On September 24, 2008 he paid the full filing fee. Plaintiff is incarcerated at the Calcasieu Correctional Center, Lake Charles, Louisiana. He complains that he was the victim of excessive force and sues Corporal Crawford and an unnamed officer of the Calcasieu Parish Sheriff's Office. He seeks compensatory damages in the amount of one million dollars for injuries, pain, and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Because plaintiff paid the full filing fee, his complaint this review is done pursuant to 28 U.S.C. § 1915A.

## STATEMENT OF THE CASE

Plaintiff's original complaint lacked specific information to support his allegations that his constitutional rights had been violated by the individuals named as defendants. Thus, this court issued a memorandum order [Doc. 3], directing plaintiff to amend his complaint and cure the noted deficiencies. Among other things, plaintiff was advised that his complaint failed to set forth a cause of action for excessive force. He was also advised that his claim may be barred by

the statute of limitations and was instructed that he needed to state why he was entitled to toll the limitations period.

Plaintiff filed an amended complaint on April 30, 2009. Despite the information supplied in his amended complaint, plaintiff nevertheless failed to cure most of the noted deficiencies. Thus, accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that plaintiff's claim is barred by the applicable statute of limitations and that he has failed to state a claim for which relief may be granted. Accordingly, the court recommends dismissal of the complaint.

The basic claim asserted by plaintiff is that he was the victim of excessive force. Specifically, he states that on August 29, 2006, he was traveling on 1-10 and was stopped for a traffic violation. He states that he complied with defendant Crawford's request for his driver's license and registration. Crawford then told plaintiff to get out of the car. It was at this point that Crawford reached into plaintiff's pocket and retrieved $2880.00 in cash. Crawford then walked him to the back of plaintiff's car. By this time, more officers had arrived and plaintiff looked back at Crawford, and one of the other officers slammed his head into the trunk of his vehicle. Plaintiff was then handcuffed and put in the back of the vehicle. Plaintiff states that his head and neck were injured and that he was diagnosed via x-ray with whiplash.

As part of his amended complaint, plaintiff attached a transcript of a hearing on a motion to suppress. Plaintiff and Defendant Crawford testified, as did Officers Shannon Brown and Jason Johnson. Crawford testified that at approximately 11:00 p.m. on August 29, 2006, he observed plaintiff's vehicle traveling erratically. Crawford stopped plaintiff and proceeded to the driver's side to speak to him. Crawford noticed that plaintiff repeatedly reached under his

seat and instructed him not to do so. Plaintiff would not comply so Crawford asked him to exit the vehicle. While he was exiting the car, plaintiff threw something out of the passenger side window. Crawford then took him to the bumper of his car. Other officers arrived on the scene within minutes and Crawford conducted a pat-down search of plaintiff where he found a large amount of cash. The other officers searched the area outside of plaintiff's passenger window and found a baggy of cocaine. Plaintiff was then handcuffed and placed under arrest. More cocaine was found under the driver's seat and in the trunk. The officers also discovered drug paraphernalia and a loaded handgun.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss as frivolous a prisoner suit on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

**Statute of Limitations**

The applicable statute of limitations in a § 1983 action is the forum state's personal injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Therefore, the court applies Louisiana Civil Code, article 3492, which carries a limitations period of one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Based upon the information provided to the court by the plaintiff in his original and amended complaint, and reading those allegations in a light most favorable to him, the undersigned finds that plaintiff's action is barred as it was filed almost two years after the incident in question occurred, and there is no question but that plaintiff knew of the facts which form the basis of the constitutional violations alleged herein. Plaintiff certainly possessed the critical facts concerning the alleged improper actions of the defendants immediately after the incident took place in August 2006. However, plaintiff chose not to file the instant complaint until almost two years after the incident. Plaintiff was given the opportunity to amend his complaint and provide the court with good reason for his delay in filing suit—in other words,

why the statute of limitations should have been tolled. He did not do so. Rather, he simply stated that section 1983 claims have a two year statute of limitations. Plaintiff's reliance on this theory is clearly misplaced.

Hence, plaintiff's civil rights claims are barred by the one year statute of limitations and should be dismissed as frivolous pursuant 28 U.S.C. § 1915.

### Excessive Force Claim

Even if plaintiff's claims were not barred by the applicable statute of limitations, his claims would still fail. More specifically, plaintiff claims that he was subjected to excessive force when his head was allegedly slammed into the trunk of his car. Claims that law enforcement officers have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989). Under this standard, in order to establish a claim for excessive force in violation of the Constitution, the plaintiff must prove "(1) an injury which (2) resulted directly and only from the use of force that was clearly excessive to the need and the excessiveness of which was (3) objectively unreasonable." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999); *Ikerd v. Blair*, 101 F.3d 430, 433 (5th Cir. 1996); *Breaux v. Taylor*, 2008 WL 145249 (W.D. La. Jan. 8, 2008).

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Terry v. Ohio*, 392 U.S. 1, 20-22, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). The determination of reasonableness must allow for the fact that police officers are often forced to make split-second judgments about the amount of force that is necessary in a particular situation despite tense, uncertain, and rapidly

5

evolving circumstances. *Graham*, 490 U.S. at 396-97, 109 S. Ct. at 1872, 104 L. Ed. 2d 443. "Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. . . . [I]ts proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id.* (citing *Scott v. United States*, 436 U.S. 128, 137-39, 98 S. Ct. 1717, 1723-24, 56 L.Ed.2d 168 (1978)).

Plaintiff was instructed to provide more detail with respect to this claim. He failed to do so. In fact, the transcript that he attached to his amended complaint did nothing to support his claims. Therefore, it is recommended that plaintiff's claims in this regard be dismissed as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Accordingly, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as time-barred and therefore frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

**IT IS ALSO RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers, at Lake Charles, Louisiana, this 14th day of July, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE